UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| BAR HARBOR BANK & TRUST,<br><br>  Plaintiff<br><br>v.<br><br>THE HANOVER INSURANCE GROUP, INC., a/k/a HANOVER INSURANCE COMPANY,<br><br>  Defendant | CIVIL ACTION NO. 1:21-CV-_____ |

## BAR HARBOR BANK & TRUST'S COMPLAINT

Now comes Plaintiff Bar Harbor Bank & Trust, ("BHBT") by its attorneys Rudman Winchell and Ford, McDonald, McPartlin & Borden, P.A. (*pro hac vice* certificate pending), and complains against Defendant The Hanover Insurance Group, Inc. ("Hanover") as follows:

1. Plaintiff BHBT is a Maine state-chartered bank and trust company with a place of business at 82 Main Street, Bar Harbor, Maine.

2. Defendant Hanover is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business at 440 Lincoln Street, Worcester, Massachusetts.

3. This matter deals with casualty insurance with respect to a vessel registered with the United States Coast Guard. The "principal object of" the insurance "contract is maritime commerce" and this matter is therefore within the admiralty or maritime jurisdiction of this Court pursuant to 28 U.S.C. §1333. *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 25, 125 S. Ct. 385, 394, 160 L. Ed. 2d 283 (2004).

4. Venue is proper in the District of Maine because this district is the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C.A. § 1391 (b)(2) (West).

## BACKGROUND

5. Travis Perry ("Mr. Perry") owned the fishing vessel Isla & Grayson (the "Vessel").

6. Mr. Perry is a resident of Harrington, Maine.

7. On or about September 5, 2018, Hanover issued a policy of casualty insurance insuring the Vessel against loss by, among other risks, fire, as well as vandalism, sabotage, or malicious mischief (the "Policy").

8. A true and correct copy of the Policy is attached hereto as **_Exhibit A_**.

9. BHBT lent Travis Perry Five Hundred Thousand Dollars ($500,000.00) as evidenced by his note dated September 2, 2016 (the "Note").

10. The Note is in default and the principal, interest, and other charges due thereon is: $400,663.93 as of July 2, 2021, plus attorney's fees and costs accrued but not yet then paid.

11. The Note is secured by a mortgage upon the Vessel (the "Mortgage").

12. BHBT is named as a loss payee under the Policy.

13. On August 22, 2019, during the term of duration of the Policy, the Vessel was destroyed by fire while located in Harrington, Maine.

14. Fire is among the risks insured against by the Policy.

15. On or about February 5, 2020, Mr. Perry submitted a proof of loss.

16. On or about March 30, 2020, Hanover declined coverage.

17. On August 19, 2020, Mr. Perry brought an action to determine coverage and to require payment under the insurance contract. That action is pending in the United States District

Court for the District of Maine as *Perry v. The Hanover Insurance Group, Inc., 20-cv-301-LEW* ("*Perry*").

18. Hanover has defended on the grounds that Mr. Perry conspired to cause the fire.

19. No language in the Policy states that if Mr. Perry conspires to cause a fire, the contract obligations of the insurer are avoided, terminated or modified in any manner.

20. To the contrary, the express language of an endorsement to the Policy provides for coverage in the event of vandalism, sabotage, or malicious mischief:

> This endorsement modifies insurance provided under the following: SP-39 C TAYLOR 1953 (Rev. 70)
>
> **This insurance also covers damage to or destruction of the property insured** directly caused by strikers, locked out workmen, or persons taking part in labor disturbances or riots or civil commotions or **caused by vandalism, sabotage, or malicious mischief**, but excluding civil war, revolution, rebellion or insurrection or civil strife arising therefrom, and warranted free from any claim for delay, detention or loss of use, and free from all loss, damage or expense caused by any weapon of war employing atomic or nuclear fission and/or fusion or other reaction or radioactive force or matter.

21. Public policy does not require that a loss payee bear the loss when an insured commits arson. Instead, the public policy response is to honor the contractual obligations to the loss payee and upon payment, the insurer will be subrogated to the rights of the loss payee under its note and mortgage.[1]

## FIRST CLAIM FOR RELIEF

22. Each of the foregoing allegations are hereby realleged and incorporated.

23. In *Perry,* in its Answer to Mr. Perry's Complaint [*Perry*, DE 15], Hanover alleges that Mr. Perry conspired to cause the fire and thereafter lied about it (the "Insured's Conduct").

---

[1] *See, e.g.,* Maine Standard Fire Policy, ME. REV. STAT. TIT. 24-A, § 3002 ("If this Company shall claim that no liability existed as to the mortgagor or owner, it shall, to the extent of payment of loss to the mortgagee, be subrogated to all the mortgagee's rights of recovery, but without impairing mortgagee's right to sue; or it may pay off the mortgage debt and require an assignment thereof and of the mortgage.")

24. If that is accurate, the fire and resulting damage to the Vessel were caused by vandalism, sabotage, or malicious mischief.

25. BHBT did not conspire to cause the fire nor thereafter lie about it.

26. No language in the Policy excludes coverage or limits the obligation of Hanover to pay the loss payee, BHBT, in the event that the insured conspired with others to cause the fire.

27. No language in the Policy excludes coverage or limits the obligation of Hanover to pay the loss payee, BHBT, in the event that the insured lied about conspiring to cause the destruction.

28. No language in the Policy excludes coverage or limits the obligation of Hanover to pay the loss payee, BHBT, in the event of vandalism, sabotage, or malicious mischief.

29. In light of a more than casual reading of the Policy, a reasonable loss payee "untrained in either the law or the insurance field" would not conclude that the obligation of Hanover to pay the loss payee is defeated by the Insured's Conduct because the Policy does not say so.

30. Hanover does not assert any language in the policy would cause a person "untrained in either the law or the insurance field" to conclude that coverage was defeated by the Insured's Conduct. Instead, Hanover relies on doctrines of unclean hands, equity and maritime law, which doctrines are outside the Policy language. [*Perry*, DE 15].

31. The Vessel was destroyed by fire, which may or may not have been caused by vandalism, sabotage, or malicious mischief.

32. The Policy insures against loss by fire.

33. The Policy insures against damage to or destruction of the property insured caused by vandalism, sabotage, or malicious mischief.

34. The Policy obligates Hanover to pay BHBT, as loss payee, the lesser of its mortgage interest or the Policy limit of $800,000.00.

35. Hanover has not paid BHBT, as loss payee, in breach of its obligations under the Policy.

WHEREFORE, BHBT asks this Honorable Court to enter judgment in its favor, for an award of damages equal to the amounts due under the Note including interest, costs and attorney's fees, and for such other and further relief as may be just.

                                              Respectfully Submitted,
                                              BAR HARBOR BANK & TRUST
                                              By its attorneys
                                              RUDMAN WINCHELL

Date: July 19, 2021                        By:   /s/ Allison A. Economy
                                              Allison Economy, Esq.
                                              84 Harlow Street
                                              Bangor, ME  04401
                                              207-947-4501
                                              aeconomy@rudmanwinchell.com

                                              And by its attorneys
                                              Ford, McDonald, McPartlin & Borden, P.A.

                                        By:   /s/ Edmond J. Ford
                                              Edmond J. Ford (*Pro hac vice*
                                              Certificate pending)
                                              10 Pleasant St. Suite 400
                                              Portsmouth, NH 03801
                                              603-373-1737
                                              efored@fordlaw.com